No. 15.—URIAH B. HOLDER and Wife, plaintiffs in error, *vs.* DAVID HARRELL, defendant in error.

[1.] *Held*, that the words *last* or *only child*, in the Statute of Distributions of 1804, as amended by the Acts of 1841 and 1843, refer to the only *surviving* child of the mother.

[2.] A dies intestate, leaving a widow who gave birth to a *posthumous child* within the ordinary period of gestation, and married the second time, and gave birth to a child by the second husband. The estate of A was distributed equally to his child and his widow. Afterwards, and after the birth of the child by the second husband, A's child died intestate and without issue. *Held*, that the estate of A's child descended to the child by the second marriage, to the exclusion of the mother.

Holder and Wife *vs.* Harrell.

In Equity, in Stewart Superior Court.    Decided by Judge AL-EXANDER, October Term, 1848.

This was a bill filed for the direction of the Court upon the following facts:

Henry T. Harrell died in 1845 intestate, leaving a widow, to whom, within the period of gestation, was born a posthumous child—William H. Harrell.    For this child, the defendant became guardian, and the estate of Henry T. Harrell was distributed in equal moities to the wife, (who, in the meantime, had intermarried with Uriah B. Holder,) and to the defendant, as guardian of William H. Harrell.

After said distribution had been made, Mary A. E. Holder was born to Uriah Holder and wife, and two days after her birth, William H. Harrell died intestate.

The Court below, upon these facts, decided that said estate of William H. Harrell should be distributed in equal moities to Uriah B. Holder and wife, and to Mary A. E. Holder, the sister of the half-blood of the intestate, in the maternal line.

To which decision, Holder and wife, by their counsel, excepted, and that decision comes before this Court to be reviewed.

H. HOLT, for plaintiff in error.

JAMES CLARK, for defendant.

*By the Court.*—NISBET, J. delivering the opinion.

The question made on this record involves a construction of our Act of Distribution.    But little can be said on it.    The question neither admits nor requires amplification.    Here the father (Harrell) dies intestate, leaving a widow, who, within the term of gestation, gave birth to a posthumous child.    The widow intermarried with a man by the name of Holder, and the estate of Harrell was distributed to his child and Mrs. Holder in equal parts.    Subsequently Mrs. Holder gave birth to another child by her second husband.    After this, Harrell's child died intestate.    A question arose in the Court below, as to who was entitled to the estate of the deceased child.    The presiding Judge distributed it equally

between Mrs. Holder, the mother, and her child by her second husband, being the half-sister in the maternal line to the decedent. To this decision, counsel for Mrs. Holder excepted, claiming that she was entitled to the whole estate, to the exclusion of the half sister. Our judgment is, that the presiding Judge and the plaintiff's counsel are both in error, and that the half-sister is entitled to the whole estate. Let us see first what is the Statute, or rather that part of it which relates to this question : The Act of 1804 declares, " if the father or mother be alive, and a child dies intestate and without issue, such father or mother, in case the father be dead, and not otherwise, shall come in on the same footing as a brother or sister would do ; *provided* that such mother, after having intermarried, shall not be entitled to any part or proportion of the estate of a child who shall die intestate and without issue ; but the estate of such child shall go to and be vested in the next of kin on the side of the father. *And provided also*, that on the death of the *the last child*, intestate and without issue, the mother shall take no part of his or her estate, but the same shall go to and be vested in like manner, in the next of kin on the father's side. And in case of a person dying without issue, having brothers or sisters of the whole and half blood, then the brothers and sisters of the whole and half blood in the paternal line only, shall inherit equally; but if there shall be no brother or sister, or issue of brother or sister of the whole or half blood in the paternal line, then those of the half blood and their issue, in the maternal line, shall inherit." *Prince*, 237. .

This is the old law. The first proviso excludes altogether the mother, if she marry again. A provision rather in restraint of marriage, and of doubtful equity. The Act of 1843 repeals this proviso and substitutes the following proviso for it : " Provided, that such mother, after having intermarried, shall not be entitled to any part or portion of the estate of such child, who shall die intestate and without issue, unless it shall be *the last* or *only child*." The second proviso, which excludes the mother, in any event, from all participation in the distribution of the estate of *the last child* dying intestate and without issue, was repealed by the Act of 1841. Upon what reason this last proviso was founded, or upon what consideration of policy, I am wholly at a loss to determine. However, the Law of Distribution, as thus amended, reads thus : " If the father or mother be alive, and the child dies intes-

tate and without issue, such father or mother, in case the father be dead, and not otherwise, shall come in on the same footing as a brother or sister would do; provided, that such mother, after having intermarried, shall not be entitled to any part or portion of the estate of such child, who shall die intestate and without issue, *unless it shall be the last or only child.* And in case a person dying without issue, leaving brothers or sisters of the whole and half blood, then the brothers and sisters of the whole and half blood in the paternal line only, shall inherit equally; but if there shall be no brothers or sisters, or issue of brother or sister of the whole or half blood, in the paternal line, then those of the half blood, and their issue, in the maternal line, shall inherit." *Hotch.* 466.

It is curious to remark how completely the amendments to the Act of 1804 have altered it. By that Act, a second marriage defeated altogether the right of the wife to distribution, and without a second marriage, cut her out of any share in the distribution of the estate of the *last child* dying intestate and without issue. By the amendments, if she does not marry a second time, she shares in the distribution of *any* child dying intestate and without issue, with brothers and sisters. And in the event of a second marriage, she is thereby excluded, except in the case of the death of the *last or only* child. The view of this subject, taken by the Legislature in 1841 and 1843, when the amendments were passed, are curiously diverse from that of the Legislature of 1804. For the proviso of 1843, I can see some reason; for those of 1804, which it supersedes, no very satisfactory reasons occur to me.

[1.] Having married, by the Statute there is but one contingency upon which the mother can come in at all, and that is upon the death of the *last or only child.* What is meant by *last or only child?* Does it mean the *latest* child born, or does it mean, the last surviving child, the *only child?* I must believe that the Legislature intended the latter. If the former be intended, I can perceive no reason for it; if the latter, there is some reason for the enactment. If the mother was intended, by the *proviso,* to inherit upon the death of the latest child born intestate and without issue, then she may inherit equally, whether that child be the only child or not. And why not inherit also upon the death of any other child as well as the last? There is no reason why she would not be as much entitled in the one case as the other; and in the absence of any good reason why her right to inheritance should

Holder and Wife *vs.* Harrell.

be limited to the latest born child, we adopt the other view, and say that the Legislature meant that she should inherit only upon the death, intestate and without issue, of the *only child*—that is, the only and sole surviving child. This idea is favored by the words used in the *proviso*, to wit: *last* or *only* child. It is true, that the phrase being in the alternative, it is susceptible of a meaning which would enable her to come in upon the death of *the last*, that is, latest born child, and also upon the death of *the only*, that is, sole surviving child. But we think that the latter member of the phrase, *or only child*, was intended to define more accurately the meaning of the first, and to limit it to *the only child living*. I say there is some reason for this construction. The reason is, that where a child dies without issue, being the sole surviving or only child, leaving, of course, no brothers nor sisters, the mother is the nearest of kin, and ought to have the inheritance to the exclusion of more distant relations. But if the decedent has brothers and sisters living, there is some reason for postponing the mother to them, particularly in case of marriage the second time. For the Statute looks upon the second marriage as a provision for the mother. Upon this construction, upon the death of the last or only child, leaving no issue and no representatives of brothers or sisters, the mother would be entitled to the whole estate; and if there were representatives of brothers or sisters, she would share the estate with them, since she is entitled to share only as a *brother or sister would do*. The inquiry also arises, whether the Statute has reference to the last or only child of the deceased *father*, or the last or only child of the *mother*. We think it contemplates the last or only child of the mother. The words of the Act are as susceptible of this meaning as of the other; indeed, more so. It is manifestly the true meaning, from these considerations. The estate to be distributed is an independent estate, belonging to the deceased child. It may or may not have been derived from the father. These clauses of the Statute have no necessary connection with those which precede. The child dying is, as it were, the *Propositus*. From him springs the relationship which controls the inheritance. The words *last or only* child, are found in that clause which relates alone to the rights of the mother. From these considerations, we think that it means the last or only child of the mother of the decedent.

[2.] The decedent in this case was not the last born child, nor

was he the only or sole surviving child; for at his death he had a younger half sister, in the maternal line, living. This being so, and the mother having married a second time, she does not fall within the *proviso* of the Statute, and is excluded. The decedent having no brother or sister, or issue of brother or sister of the whole blood, and none of the half blood in the paternal line, his half sister in the maternal line is, by express provision in the Statute, entitled to the whole estate.

Let the judgment be reversed.